**BACKFIRE 2000; et al., Plaintiffs— Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 06–35970.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2008.

Filed April 14, 2008.

James B. Boles, Howrey LLP, Michael A. Hertzberg, Howrey, Simon Arnold & White, Jerrold J. Ganzfried, Howrey & Simon, Washington, D.C., Martha K. Gooding, Howrey Simon Arnold & White, LLP, Irvine, CA, Kenneth E. O'Brien, Hash, Jellison, O'Brien And Bartlett, Kalispell, MT, Mark Grotefeld, Grotefeld & Denenberg, Chicago, IL, W. Carl Mendenhall, Worden Thane & Haines, P.C., Missoula, MT, for Plaintiffs–Appellants.

Charles W. Scarborough, Mark B. Stern, U.S. Department of Justice, Washington, D.C., for Defendant–Appellee.

Before: REINHARDT, TASHIMA, and McKEOWN, Circuit Judges.

## MEMORANDUM *

The United States Forest Service exercised discretion as contemplated by the discretionary function exception to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, when it set backfires to fight the Bitterroot wildfires of 2000.

No statute, regulation, or policy mandates specific conduct in the setting of backfires during the course of firefighting operations. *See Conrad v. United States,* 447 F.3d 760, 765 (9th Cir.2006). Plaintiffs point only to general regulations and policies; such general regulations, however, do not remove discretion unless they specifically prescribe a course of conduct. *Kelly v. United States,* 241 F.3d 755, 761 (9th Cir.2001). Although there is mandatory language in some of the regulations on which Plaintiffs rely, those requirements do not eliminate discretion because they do not "tell firefighters how to fight the fire." *Miller v. United States,* 163 F.3d 591, 595 (9th Cir.1998).

The Forest Service's decision to set backfires was a policy judgment in that it "involved a balancing of considerations, including cost, public safety, firefighter safety, and resource damage," and "[t]hese considerations reflect the type of economic,

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

social and political concerns that the discretionary function exception is designed to protect." *Id.* Accordingly, the district court did not err in granting Defendant's motion for summary judgment based on the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a).

**AFFIRMED.**